OPINION
{¶ 1} Appellant Robert Edwards appeals his conviction for felonious assault and aggravated robbery in the Court of Common Pleas, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 28, 2002, Clarence McNutt and Frank Preston were both shot and wounded during an attempted marijuana purchase at 1941 Second Street NE in Canton. The events commenced on October 27, 2002, when McNutt, one of the eventual shooting victims, went to a local gas station and happened upon Emond Dozier, whom he had not previously met. McNutt randomly asked him if he knew where he could get some "bud." Dozier said he would try to locate some, and took down McNutt's cell phone number.
 {¶ 3} The next day, Dozier called McNutt and told him to meet him at the Fishers Foods store parking lot at 44th Street and Cleveland Avenue NW. McNutt contacted his friend Frank Preston and asked him for a ride to the Fishers store. Preston thereupon took McNutt to the store in his Jeep Cherokee. Upon arrival, McNutt got out of the Jeep, but quickly returned with Dozier and another individual, Bryant Williamson. Preston then drove the three men to the aforementioned house on Second Street NE.
 {¶ 4} Upon arrival, McNutt, Preston, Williamson and Dozier went inside and waited in the kitchen. Appellant briefly came into the kitchen, then quickly left. After a few minutes, appellant re-entered the room carrying a 9mm semiautomatic rifle, demanding that the other men "lay it down," which McNutt and Preston interpreted to mean emptying their pockets and getting down. Tr. at 142, 199. However, Preston instead grabbed the rifle and began wrestling with appellant. Preston, who was physically larger than appellant, eventually pulled appellant outside as both tumbled down exterior steps, while appellant maintained his grip on the rifle's trigger area. Several shots were fired from the rifle during the tussle.
 {¶ 5} An unknown individual struck Preston in the head, following which Preston was hit by a bullet in the leg. The round shattered some of the bone in Preston's leg, requiring the eventual placement of a rod and screws. In the meantime, while appellant and Preston were still wrestling inside the house, McNutt was struggling with Dozier in an adjoining room. McNutt got away and was attempting to run out the front door, but was hit in his right thigh by a bullet from appellant's rifle, which passed through without striking his femur. McNutt made his way to a nearby house and asked for someone to call for assistance. In the meantime, he put his thumb in his exit wound and was thus able to slow down the bleeding until paramedics arrived.
 {¶ 6} Appellant proceeded to stash the rifle under the porch, while Williamson unsuccessfully attempted to remove a dashboard TV from Preston's Jeep. Appellant then ran to his own house. An acquaintance with a car was there. Appellant changed clothes and planned to depart in the acquaintance's car. However, Canton Police later stopped the vehicle and arrested appellant.
 {¶ 7} Appellant was charged with two counts of aggravated robbery and two counts of felonious assault, all with firearm specifications. The case first proceeded to trial on January 21, 2003; however, the jury was unable to reach a verdict. A second trial was conducted on February 13 and 14, 2003. The jury found appellant guilty on all charges in the indictment. Following a presentence investigation, appellant was sentenced to six years on each count of aggravated robbery, to run consecutively; six years on each count of felonious assault, to run concurrently with each other and with the aggravated robbery sentences; and three years on the gun specifications, which were merged into a single count for purposes of sentencing.
 {¶ 8} Appellant filed a notice of appeal on June 18, 2003. He herein raises the following two Assignments of Error:
 {¶ 9} "I. Appellant's convictions for aggravated robbery and felonious assault with a firearm specification are based upon insufficient evidence.
 {¶ 10} "II. Appellant's convictions for aggravated robbery and felonious assault with a firearm specification are against the manifest weight of the evidence."
 I. {¶ 11} In his First Assignment of Error, appellant argues that his felonious assault convictions with accompanying firearm specifications are not supported by sufficient evidence.[1] We disagree.
 {¶ 12} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 13} R.C. 2903.11(A)(2) provides: "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." The firearm specification at issue in the case sub judice is addressed in R.C.2941.145(A). This section states, in relevant part, as follows: "(A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 14} Appellant essentially argues that there was insufficient evidence for concluding that appellant had control of the gun in order to cause physical harm to McNutt and Preston.[2] He notes, for example, that Preston was physically larger than appellant and was able drive him out of the kitchen and down the outside steps in their tussle. However, McNutt, Preston, and Williamson all testified that appellant first entered the kitchen brandishing the loaded rifle, telling them to "lay it down." Preston testified that he interpreted appellant's words as a directive to empty his pockets and "lay down on the ground or I'm going to shoot you." Tr. at 142. Preston also clearly testified that during the tussle, someone else momentarily distracted him by hitting him with a bottle, but "* * * as soon as I looked up, he [appellant] pulled the trigger and I got shot in the leg." Tr. at 144. Preston further stated as follows during cross-examination: "I had somewhat control of him [appellant]. I mean, I could probably did (sic) whatever I wanted to him, but he had the gun, so I wasn't in too much control." Tr. at 172. Preston specifically denied that his own hand was ever on the trigger. Tr. at 145.
 {¶ 15} Appellant also emphasizes the undisputed evidence that McNutt did not see appellant fire the weapon. However, McNutt testified that as he tried to escape from the house, he heard Preston and appellant wrestling over the gun: "And then I heard shots and I turned to go for the front door and I got hit and struck in the back of my leg with a bullet and fell down and got back up and got out of there." Tr. at 201. During the entire series of events, he never saw anyone else with the gun except appellant. Tr. at 202.
 {¶ 16} Accordingly, upon review of the record and transcript in a light most favorable to the prosecution, we find that a reasonable finder of fact could find the elements of the two felonious assault counts, with firearm specifications, proven beyond a reasonable doubt.
 {¶ 17} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 18} In his Second Assignment of Error, appellant argues that his aggravated robbery and felonious assault convictions are against the manifest weight of the evidence. Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also,State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 19} The State's case-in-chief consisted of the following witnesses: McNutt and Preston (the shooting victims), Williamson (one of the other men at the scene), Marietha Blackford (a friend of the house's tenant, who was also at the scene), two police officers, and a crime lab criminalist. During the defense portion of the trial, appellant took the stand.
 {¶ 20} Blackford testified at trial that she observed appellant assemble the rifle shortly before the victims arrived at the house. Appellant put forth the theory in his defense testimony that he was trying to sell the rifle to McNutt or Preston, and that they actually were trying to rob him. Appellant presently contends that McNutt, Preston, and Williamson concocted their version of events, and challenges their credibility as admitted participants in an illegal transaction, despite the fact that Williamson, who was not charged, had no prior connection with the victims, and that appellant was himself an admitted drug dealer. Tr. at 409, 410.
 {¶ 21} Having reviewed the record in the case sub judice, we are unpersuaded by appellant's contention that the jury's verdict led to a manifest miscarriage of justice. As we have often emphasized, the triers of fact, as opposed to this Court, are in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. We hold the jury's verdict was not against the manifest weight of the evidence.
 {¶ 22} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
[1] Although appellant's statement of this assignment of error also includes a sufficiency challenge as to the aggravated robbery convictions, his argument is centered on the felonious assault convictions.
[2] Appellant does not herein dispute that the bullets which struck the two victims came from the 9mm rifle he brought into the kitchen.